IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL MIKOLAY,** | ) |
| Plaintiff, | ) |
| v. | ) 2:24cv648 |
| | ) **Electronic Filing** |
| **LORI KARNER, USPS,** | ) |
| Defendant. | ) |

### MEMORANDUM

Proceeding *pro se*, Daniel Mikolay ("plaintiff") commenced this action by filing a complaint in Washington County Magisterial Court 27-3-02 against Lori Karner, postmaster for the Bentleyville Post Office in Washington County, Pennsylvania ("defendant"). Plaintiff's complaint seeks redress for lawn care and snow removal services at the Post Office. On May 1, 2024, defendant removed this action pursuant to 28 U.S.C. §§ 1441, 1442(a), and 2679(d)(2). Presently before this court is defendant's motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). For the reasons set forth below, the motion will be granted and the case will be dismissed without prejudice.

Plaintiff filed the instant complaint on April 3, 2024, with the Magisterial Court for Washington County, Pennsylvania. Memorandum in Support (Doc. No. 6) at 1. On April 16, 2024, the Magisterial District Court mailed notices of a civil action hearing and plaintiff's complaint to defendant at the Bentleyville Post Office. Id. at 1-2. The notice set a hearing for May 3, 2024. Id. On May 1, 2024, defendant removed the case. Id. Despite defendant's removal, the Magisterial Court conducted a hearing and entered judgment for plaintiff. Id. at 2-3, n.2. On May 17, 2024, the Magisterial Court acknowledged removal, thus nullifying the May 3, 2024, judgment. Id.

1

In his complaint, plaintiff alleges that he contracted to provide lawn care and snow removal services for the Washington County Post Offices for the 2023 and 2024 seasons. Notice of Removal (Doc. No. 1-2), at 2. Plaintiff's complaint contains only one page with a hand-written listing of the services rendered and the payments received. Plaintiff reported that he had received compensation for completed lawn care services at Rickeyville for the 2023 season, but all other completed services were unpaid - with an outstanding balance of $7,980.00. Id. Other than the two, hand-written columns, plaintiff did not produce any documentation evidencing a contract between himself and the postmaster.

Defendant notes, however, that its internal review unearthed a document evidencing a contract between Supreme Property Care and the USPS, titled "Lawn Care Service Contract" for "snow removal/salt." Memorandum in Support (Doc. No. 6) at 2 n.1 (and attached as Ex. A). From the face of the document, it appears plaintiff was the representative of Supreme Property Care because plaintiff printed and signed his name to the contract. (Doc. No. 6-1) at 1. This contract, which expired in 2023, is the only written evidence produced by either party evidencing a contract.

"A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint." Vieth v. Pennsylvania, 188 F. Supp.2d 532, 537 (M.D. Pa. 2002) (quoting Ballenger v. Applied Digital Solutions, Inc., 189 F. Supp.3d 196, 199 (D. Del. 2002)). The motion should be granted where the asserted claim is "insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Coxson v. Pennsylvania, 935 F. Supp. 624, 626 (W.D. Pa. 1996).

Defendant's motion to dismiss will be granted because this court statutorily lacks subject matter jurisdiction over contract disputes concerning an executive agency. The Contract Disputes Act ("CDA") provides that all express or implied contracts by an executive agency for the procurement of services are within the purview of the statute. See 41 U.S.C. §§ 7102(a)(2). In nearly analogous circumstances, the United States District Court for the Eastern District of Pennsylvania determined that the CDA statutorily bars the district courts from hearing breach of contract claims against the USPS. The Third Circuit affirmed the district court stating, "[u]nder the CDA, a claim for breach of contract must be presented to a designated contracting officer. A party may appeal the decision by the contracting officer to the relevant board of appeals or to the United States Court of Federal Claims." Anselma Crossing, L.P., v. United States Postal Service, 637 F.3d. 238, 240 (3d. Cir. 2011).

Here, plaintiff alleges the USPS breached an implied contract for lawn care services and snow/salt removal. Because plaintiff alleges an executive agency breached a contract, the dispute is squarely within the contours of the CDA. Instead of presenting his claim to the contracting officer, plaintiff first brought his claim to the Magisterial Court in Washington County, and, in response, defendant removed the case to this court. For this contract dispute to be heard in "federal district court [] and thereafter in [one of] the twelve courts of appeals would undermine the goals of the CDA – to collect contract disputes against the government in a [limited] forum." Anselma, 637 F.3d. at 246. Plaintiff should have presented his complaint to the Bentleyville postmaster, and any appeal of the asserted contracting officer's determination should have been submitted to either the Postal Service Board of Contract Appeals or the Federal Court of Claims.

Given the well-defined perimeters of the CDA, this court lacks subject matter jurisdiction over the parties' current dispute and defendant's motion to dismiss will be granted. The case will

be dismissed without prejudice to plaintiff pursuing his breach of contract claim as outlined above. An appropriate order will follow.

Date: March 21, 2025

                                            s/David Stewart Cercone
                                            David Stewart Cercone
                                            Senior United States District Judge

cc:     Daniel Mikolay
        690 Station Road
        Scenery Hill, PA 15360

        (*Sent Via First Class Mail*)

        Adam Fischer, AUSA

        (*Via CM/ECF Electronic Mail*)